Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jamil Barron,<br><br>　　　　Plaintiff,<br>　　v.<br><br>Mellen Everts LLC dba Blue Cue and Mendoza Building, LLC,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Jamil Barron ("Plaintiff") alleges the following:

## INTRODUCTION

1. Plaintiff brings this action against Defendants Mellen Everts LLC dba Blue Cue and Mendoza Building, LLC ("Defendants"), for unlawfully discriminating against Plaintiff because of his disability at 1004 28th Street in Sacramento, California ("Property") where the business Blue Cue ("Blue Cue") is located.

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California statutes.

## PARTIES

3. Plaintiff is a natural person and an adult resident of Elk Grove, Sacramento County, California. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendant Mellen Everts LLC dba Blue Cue is a California limited liability company

---
1
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

with its principal place of business in Sacramento, California. Defendant Blue Cue, LLC owns and/or operates the Blue Cue business at the Property.

5. Defendant Mendoza Building, LLC is a California limited liability company with its principal place of business in Sacramento, California. Defendant Mendoza Building, LLC owns and/or operates the Property.

## JURISDICTION

6. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

7. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

8. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property is in this district and that Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

9. Plaintiff is disabled. Specifically, Plaintiff suffers from quadriplegia.

10. Plaintiff requires a wheelchair to facilitate his mobility.

11. Plaintiff's symptoms limit, some substantially, his major life activities.

12. A person with quadriplegia who uses a wheelchair can experience significant limitations in their major life activities. Because quadriplegia affects the muscles in the arms, legs, and torso, it can be difficult, if even possible, for a disabled person to move or support themselves without assistance.

13. Using a wheelchair can make it difficult for a person to move around and access different parts of public facilities, which can limit their ability to participate in social activities or pursue their interests. In general, quadriplegia and the use of a wheelchair can significantly impact a person's independence and ability to engage in the activities that are important to them.

14. On July 7, 2023, Plaintiff visited the Blue Cue located at 1004 28th Street in Sacramento, California. Plaintiff was there to get drinks.

15. Unfortunately, Plaintiff was not able to get any drinks or partake in other activities at the bar because the upstairs portion of the bar lacks any way for a wheelchair user to access the second level.

16. The only access to the second floor is a flight of stairs not navigable by a wheelchair.

17. It is important for a restaurant or bar to have an accessible path of travel to its area of primary function because it allows individuals with disabilities to access it safely and comfortably. An accessible path of travel could include features such as ramps, lifts, and wide aisles that make it possible for people using wheelchairs or other mobility devices to access the primary function area.

18. Blue Cue and the Property are open to the public, intended for non-residential use, and affect commerce.

19. Blue Cue and the Property are public accommodations and business establishments.

20. The Property is believed to have undergone construction and/or alterations, structural repairs, or additions since July 1, 1970, July 1, 1982, September 15, 2010, and/or March 15, 2012.

21. Because of barriers at the Property, Plaintiff's access to the facilities and services at the Property and Blue Cue was hampered, causing him difficulty, discomfort, and embarrassment.

22. Plaintiff's lives near the area where the Property is located.

23. Plaintiff would like to return to the Blue Cue when it is accessible for him, specifically an accessible path to the second story, but is hesitant to return so long as the barriers to his access exist.

24. Plaintiff is deterred from returning to the Blue Cue.

25. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer embarrassment and humiliation.

### FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

Against all Defendants

26. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

27. Defendants have denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of the Property and the Blue Cue.

### Failure to Remove Architectural Barriers at an Existing Property

28. Defendants have failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

29. For those barriers where it is not reasonably achievable to remove them, if any, Defendants have failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

### Failure to Design and Construct an Accessible Property

30. The improvements on the Property and where Blue Cue is located are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

31. Defendants violated the ADA by failing to design and construct the facilities on the Property and at Blue Cue in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

32. Plaintiff believes and alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

33. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

34. Defendants altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

35. The configuration and condition of Defendants' Property denied Plaintiff a public accommodation due to Plaintiff's disability.

36. It is readily achievable for Defendants to remove the architectural barriers.

37. Defendants do not have any legitimate business justification to excuse the condition and

configuration of the Property.

38. Defendants' violations are the cause of suffering for Plaintiff.

39. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

Against all Defendants

40. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

41. As described above, Defendants intentionally discriminated against Plaintiff during his visit to the Property.

42. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

43. Defendants' acts and omissions are in violation of the Unruh Civil Rights Act, and have denied to Plaintiff his rights to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

44. Plaintiff was harmed. Defendants' conduct caused Plaintiff's harm.

45. As a result of the violation of Plaintiffs civil rights, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

46. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendants to cease their discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52 and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: July 31, 2023　　　　　　　　　　　　　　Law Office of Rick Morin, PC

*[signature]*

_____
Richard Morin
Attorney for Plaintiff